(Decided 11th June, 1889.)

# The Jacob Dold Packing Company *vs.* The G. Ober & Sons Co.

*Act of 1876, ch. 262, sec. 1, relating to Transfer of Bills of Lading—Effect of such Transfer with Notice—Actual and Constructive notice—Attachment—Claimant of Property.*

The Act of 1876, ch. 262, sec. 1, makes bills of lading negotiable so as to pass title to the property mentioned in them, to the same extent as promissory notes. The closing words of the section are that the title to the property mentioned therein shall "inure to and be vested in each and every *bona fide* holder thereof for value, altogether unaffected by any rights or equities whatsoever of or between the original or any other prior holders of or parties to the same, of which such *bona fide* holder for value shall not have had actual notice at the time he became such." Under this statute it was HELD:

1st. That where the assignee of a bill of lading had notice before the transfer to him that the consignee of the goods was the purchaser of them for value, or had notice of some interest in the

consignee, the true nature of which he could have ascertained by inquiry, his possession of such bill of lading will not entitle him as claimant to defeat a claim to said goods made by the consignee in an attachment proceeding, affecting said goods, in which each of them intervened as claimant of the property attached.

2nd.   That if the assignee had sufficient notice to put him on inquiry with respect to the interest which the consignee had in the goods, such notice was equivalent to actual knowledge, and if he did not follow up the inquiry it was his own fault.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—At the trial the G. Ober and Sons Company offered three prayers, the first and second of which were as follows:

1. The claimant, the G. Ober & Sons Co., prays the Court to rule if it find that the tankage was bought by Cottman from Kapy, and by the G. Ober & Sons Co., from Cottman, and was bought by Kapy from Jacob Dold & Son, and was shipped by said Jacob Dold & Son to the said G. Ober & Sons Co., at Locust Point, Baltimore, as per instructions of Cottman to Kapy, and that at the time said shipments were made, the said Jacob Dold & Son endorsed the bills of lading and gave them to the said Kapy, the claimant, the G. Ober & Sons Co. is entitled to the same, notwithstanding the fact that the said Jacob Dold & Son got the bills of lading back from Kapy, and now hold the same.

2. The claimant, the G. Ober & Sons Co., prays the Court to rule that from all the evidence in the case, Jacob Dold & Son made a completed delivery of the tankage to the G. Ober & Sons Co., and they are not now the *bona fide* holders of the said bills of lading without notice of the rights of the said G. Ober & Sons Co., and are not entitled to recover said goods under said bills of lading.

Jacob Dold Packing Company *vs.* Ober & Sons Co.

The claimant, the Jacob Dold Packing Company, offered the three prayers following:

1. The Jacob Dold Packing Company prays the Court to rule, as matter of law, that the fact must appear in this case before the plaintiff can recover, that the title to the property in the hands of the garnishee, was in the defendant at or after the time at which the attachment was laid in the garnishee's hands, and that such fact does not appear from the proof in this case, and, therefore, the Court cannot find a verdict for the plaintiff.

2. The Jacob Dold Packing Company prays the Court to rule, as matter of law, that it being admitted that before the laying of the attachment in this case, it became the holder for value of the bills of lading for the respective portions of the attached property, and that neither the said Jacob Dold Packing Company nor its predecessors, Jacob Dold & Son, knew the plaintiff, Cottman, in any of their dealings in reference to the property which was in the hands of the garnishee when the attachment was laid in this case, or knew of the sales or attempted sales by him to the G. Ober & Sons Company, there is, although the words "notify G. Ober & Sons," occur in the bills of lading, no proof in this case of any facts which prevented the said Jacob Dold Packing Company from acquiring from the defendant, as against this attachment and the parties thereto, including said G. Ober & Sons, claimant, a good title to said property in the hands of the garnishee, and the endorsement and delivery of the bills of lading in this case by the defendant Kapy, to the Jacob Dold Packing Company, passed full and complete title to the tankage therein mentioned, and the verdict in the case of the *Jacob Dold Packing Company, claimant vs. James Hugh Cottman,* plaintiff, must be in favor of the claimant for the net proceeds of said tankage now on deposit to the credit of the cause.

3. The Jacob Dold Packing Company prays the Court to rule as matter of law, that even if it should find that

the expression "notify G. Ober & Sons," which appears
on the bills of lading on file in this case, was such notice
to said Jacob Dold Packing Company as to put it upon
inquiry and to compel it to acquire title to the goods
therein mentioned, by the endorsement and delivery to
it of said bills of lading, subject to the equities of said
G. Ober & Sons Company in and to the said goods, yet
nevertheless, the said G. Ober & Sons Company having
been returned by the garnishee the freight which it had
paid upon one of the car loads of the tankage mentioned
in said bills of lading, and having never received said
bills of lading, nor had the same transferred to it, and
having paid no part of the purchase money for said tank-
age, nor incurred any expense in connection therewith,
there cannot be a verdict in favor of said G. Ober & Sons
Company, but there must be a verdict in favor of said
Jacob Dold Packing Company in its case as claimant
for the net proceeds of said tankage.

The Court (PHELPS, J.) granted the first and second
prayers of the claimant, the G. Ober & Sons Company,
and rejected the third; and rejected the second and third
prayers of the Jacob Dold Packing Company, and granted
their first prayer, and of its own motion, ruled as matter
of law as follows:

1. The marginal endorsement on the bills of lading
"notify G. Ober & Sons Company, Locust Point, Balti-
more, Md.," was a sufficient notice to put the Dold Pack-
ing Co. upon inquiry to ascertain from the means of
knowledge within reach, what interest in the consign-
ment that party had to require it to be notified of its
arrival at the destination.

2. Inquiry of Kapy would have informed the Dold Co.,
that Kapy had been instructed by Cottman to ship the
goods to the Ober Co., and further would have put the
Dold Co. in possession of all the information contained
in the contracts marked "G. O., Nos. 1, 2 and 3," and
the accompanying letters.

Jacob Dold Packing Company *vs.* Ober & Sons Co.

3. Whether or not the Dold Co. did in fact make such inquiry, and did in substance get such information, it is at all events to be inferred from that party's proposition to the Ober Co. by telegraph, that it was sufficiently aware of the Ober claim at the time it took the bills of lading from Kapy.

4. That the Ober Company has not been allowed the opportunity to comply with the condition of its purchase, and thereby perfect its legal title, is a circumstance which, at this stage of the transaction, must be attributed wholly to the interference of the Dold Company, and therefore not one of which that party can be permitted to avail itself in a Court of justice.

The Jacob Dold Packing Company excepted, and the verdict and judgment being against it appealed.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*George Whitelock*, and *Samuel D. Schmucker*, for the appellant.

*Fielder C. Slingluff*, for the appellee.

The Jacob Dold Packing Company knew perfectly well when they delivered the goods to the common carrier that they belonged to the G. Ober & Sons Co. The face of the bills of lading show this, because, said bills as given to them must have been filled up under their direction, and the goods were shipped by them to the G. Ober & Sons Co., Locust Point, Baltimore, *via* the Baltimore and Ohio Railroad Company, as directed in the sales' notes between Kapy and Cottman. And when they delivered the bills of lading to Kapy, properly endorsed over to him, they were delivering the same to him, as the agent of the purchaser of the goods, the G. Ober & Sons Co.

Jacob Dold Packing Company *vs.* Ober & Sons Co.

The delivery of the goods to the common carrier, the railroad company, in Kansas City, was a delivery to the G. Ober & Sons Co. 1 *Benjamin on Sales*, 182 *and* 195; *Ruhl & Son vs. Corner & Co.*, 63 *Md.*, 184; *Nichols vs. Morse, et al.*, 100 *Mass.*, 523; *Hunter vs. Wright*, 12 *Allen*, 548; *Wing vs. Clark*, 24 *Maine*, 366; *Magruder & Bro. vs. Gage*, 33 *Md.*, 344; *Rodgers vs. Phillips*, 40 *N. Y.*, 519; *Waldron vs. Romaine*, 22 *N. Y.*, 368; *Ludlow vs. Bowne*, 1 *Johnson*, 15; *Arnold vs. Prout*, 51 *N. H.*, 587; *Garland vs. Lane*, 46 *N. H.*, 245.

The delivery of the bills of lading, at the same time, to Kapy, properly endorsed by them, passed the title completely from Jacob Dold & Sons, and Kapy held the bills for the account of the owner. *Griffith vs. Ingledew*, 6 *Serg. & Rawle*, 429; *Hobart vs. Littlefield*, 13 *Rhode Island*, 341.

The Jacob Dold Co. can only recover as against the owner of the goods, on the theory that when they received the bills of lading from Kapy, they became the *bona fide* holder of the said bills. They stand on the Act of 1876. (Art. 14, sec. 1, of the Code.)·

It is conceded that the bills of lading were executed for the delivery of goods in this State, because they show this on their face. Such bills are made negotiable, and the title to the property mentioned therein "shall enure to and be vested in each and every *bona fide* holder thereof for value, altogether unaffected by any rights or equities whatsoever, of or between the original, or any other prior holders of, or parties to the same, of which such *bona fide* holder for value shall not have had actual notice at the time he became such."

How can it be possible for the Jacob Dold Co. to say that at the time they became the holders of these bills of lading, by getting them from Kapy, that they had no notice of the prior rights of the G. Ober & Sons Co., when they had in fact, themselves, delivered the goods

Jacob Dold Packing Company *vs.* Ober & Sons Co.

represented by said bills of lading to the said G. Ober & Sons Co., and the bills on their face showed that the goods had been shipped to the said G. Ober & Sons Co., at Baltimore, *via* a certain railroad?

When they delivered the goods to the common carrier, for the account of the G. Ober & Sons Co., and delivered the bills of lading to Kapy, they parted with the title, and the delivery was a completed one. *Farmers Phosphate Co. vs. Gill,* 69 *Md.,* 537; *Woolsey vs. Bailey,* 27 *N. H.,* 217; *Stanton vs. Eager,* 16 *Pick.,* 467; *Orcutt vs. Nelson,* 1 *Gray,* 536; *Putnam vs. Tillotson,* 13 *Metcalf,* 517; *Merchant vs. Chapman,* 4 *Allen,* 362; *Hunter vs. Wright,* 12 *Allen,* 548.

They had no lien for the purchase money, and when they came to Kapy to get the bills of lading back, for what they claim was a valuable consideration, they stood on the footing of an entire stranger to the matter.

Suppose then that Kapy had undertaken to sell these bills of lading to Smith or Jones, would not the purchaser at once have said, the goods represented by the bills have been shipped to the G. Ober & Sons Co., at Locust Point, Baltimore, as appears on their face, and I must have their endorsement, otherwise they might claim the goods, and claim that I had had notice of their rights on the face of the bills? And is not this claimant in rather a worse than better position, than such third party?

But the claimant says he had the right of stoppage *in transitu.* Whatever right he may have had of stoppage *in transitu* against the goods in the hands of the vendee, Kapy, he certainly had no such right after the goods had been sold by Kapy *bona fide to a third party. Lickbarrow vs. Mason,* 2 *Term R.,* 63; *Pease vs. Gloahec, L. R.,* 1 *P. C.,* 219; *Coventry vs. Gladstone, L. R.,* 6 *Eq.,* 44; *Winslow vs. Norton,* 29 *Maine,* 421; *Morris vs. Shryock, et al.,* 50 *Miss.,* 590; *Rosenthal vs. Dessau,* 11 *Hun,* (*N. Y.,*) 49.

Jacob Dold Packing Company *vs.* Ober & Sons Co.

The right of stoppage *in transitu* can only be maintained by the claimant, the Dold Co., on the theory that the goods; at the time such right was exercised, belonged to Kapy. But here the claimant, at the request of Kapy, had shipped the goods to a third party, thus ratifying the sale made by Kapy to said third party.

Jacob Dold & Sons might well have said to Kapy, "we sold the goods to you and to no one else. We will have the bills of lading made out in your name alone, as we look to you for payment of the same." They then would have been ignorant of any right of the G. Ober & Sons Co. in the premises. But they chose to ratify the sale to the G. Ober & Sons Co., and now must stand or fall by their action.

The fact that the G. Ober & Sons Co. have not paid Cottman for the goods, does not alter the rights of the parties. They are liable to him, and Cottman has paid Kapy for them.

IRVING, J., delivered the opinion of the Court.

The facts of this case are settled by an agreed statement of them, upon which the lower Court heard and decided the case without the intervention of a jury. This appeal grows out of an attachment suit instituted by *James Hough Cottman vs. Sigmund Kapy,* a non-resident of the State. The property attached was certain tankage to which both appellant and appellee interposed a claim. The Court below decided the property attached was not the property of the defendant in the suit, but was the property of the appellee. The appellant contends that the Court erred in rejecting certain prayers offered on its behalf and in granting certain propositions of law submitted by the appellee and in declaring certain legal propositions of its own motion. The controversy in this Court is entirely between the claimants of the property attached, and neither the plaintiff below nor the garni-

Jacob Dold Packing Company *vs.* Ober & Sons Co.

shee are represented in this Court, neither of them having appealed.

Cottman, the plaintiff, in the summer of 1888, agreed to buy of Sigmund Kapy, of Kansas City, certain tankage, including that made by the appellant. In the latter part of September, 1888, Kapy telegraphed to Cottman that he was ready to ship four car loads of tankage. Cottman immediately sold this tankage to G. Ober & Sons Co. the appellee, and instructed Kapy to "ship" the tankage direct to G. Ober & Sons Co. Kapy bought the tankage of J. Dold & Son, who, according to directions, forwarded the same to G. Ober & Sons Co., Baltimore, by the Chicago, Rock Island and Pacific Railroad, from which it was transferred to the Baltimore and Ohio Railroad, and was brought to its destination, Baltimore. Kapy was given a receipted invoice and *bills of lading*. Before the bills of lading had been forwarded by Kapy to Ober & Sons Co., it was discovered that some of Kapy's checks for the tankage were dishonored and were not paid, and Kapy had been arrested for forging bills of lading. Thereupon the appellant, which is a corporation, successor to and assignee of Dold & Son, induced Kapy to assign the bills of lading to it in part payment of his indebtedness to Dold & Son. Having secured this transfer, appellant telegraphed G. Ober & Sons Co. that they could have the tankage if they would honor a draft on them for the price. This was declined, and the goods were claimed as theirs by purchase from Cottman. Cottman had made large remittances to and acceptances of drafts from Kapy, and, discovering that he had been paying on forged bills of lading, he attached this tankage as soon as it arrived in Baltimore. The Court ruled that the tankage had passed away from Kapy, and was not his to be the subject of attachment, and no appeal was taken on behalf of the plaintiff in the attachment; so that the question is, does it belong to appellant or appellee?

Jacob Dold Packing Company *vs.* Ober & Sons Co.

. The statute of this State, 1876, ch. 262, sec. 1, makes . bills of lading negotiable so as to pass title to the property mentioned in them, to the same extent as promissory notes.   The closing words of the statute are that the title to the property mentioned therein, "shall inure to and be vested in each and every *bona fide* holder thereof for value, altogether unaffected by any rights or equities whatsoever of or between the original or any prior holders of or parties to the same, of which such *bona fide* holder for value shall not have had actual notice at the time he became such." ,

The appellee contends that the appellant had such information as put him on inquiry, and was equivalent to actual notice, and the learned Judge of the Superior Court sustained this view, and so ruled.   A majority of the Court think that ruling was right.

The bills of lading issued by the railroad by the direction of Jacob Dold & Son had three columns.   The first was headed, "Marks and Consignees;" the second "Articles;" and the third was marked "Actual Weights." In the column headed "Marks and Consignees" these entries appear: "Account and order Jacob Dold & Son. To order S. Kapy & Co.   Notify G. Ober & Sons Co., Locust Point, Baltimore, Md."   The goods were therefore consigned by his direction to G. Ober & Sons Co.; and Dold & Son knew they had some interest in the goods. What that interest was, if he did not already really know, Dold could have ascertained by asking Kapy. That he did know by enquiry from Kapy, or so suppose from the order to send to G. Ober & Sons Co., is evident from the fact that after getting the bills of lading transferred to himself, Dold telegraphed Ober & Sons Co., that they could have the goods, if they would honor a draft for the price of the goods.   This telegram clearly shows that Dold & Son thought the tankage was really for Ober & Sons Co, who were notable fertilizer manufacturers, and

Jacob Dold Packing Company *vs.* Ober & Sons Co.

most likely so known to be by Dold & Son. It is true, this occurred after the transfer of the bills of lading to Dold & Son, and it does not appear that the information which led to this telegram was acquired before or at the time of the transfer of the bills of lading, but if he had not the knowledge then he could have had it before the transfer; and if he had enquired he would have gotten the knowledge, and would have been told of the sale to Cottman, and by him to Ober & Company, and the direction to ship to Ober & Co. direct, and to send papers to him, Cottman. He would have learned also of the sale-notes which were sent to Kapy & Co. by Cottman. It appearing that he had enough to put him on enquiry with respect to the interest Ober & Co. had in the goods, it needs no citation of authority that such notice was equivalent to actual knowledge; and if he did not follow up the enquiry and learn all about the transaction it was his own fault, and he has no right to complain.

It follows from what we have said that the rulings of the lower Court appealed from must be affirmed. This is the view of the majority of the Court, but Judges ALVEY, BRYAN, and the writer of this opinion, do not think that the appellant had such notice of the appellee's claim or interest as rendered the transfer of the bills of lading ineffectual to pass the property to the appellant.

*Judgment affirmed.*

(Decided 12th June, 1889.)